# UNITED STATES DISTRICT COURT
## for
### WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

FILED BY _____ D.C.

FILED BY _____ D.C.

U.S.A. vs. __Nicholas D. Williams__     Docket No. __2:00CR20138-04__

**Petition on Probation and Supervised Release**

**COMES NOW** __Dawn Brown__ **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of __Nicholas D. Williams__ who was placed on supervision by the Honorable __Thomas A. Higgins__ sitting in the Court at __Memphis, TN__ on the 6th day of May , 2002 who fixed the period of supervision at five (5) years*, and imposed the general terms and conditions theretofore adopted by the Court and also imposed Special Conditions and terms as follows:

1. The defendant is prohibited from owning, maintaining, possessing, or using firearms, dangerous weapons or ammunition.
2. The defendant shall participate in a substance abuse treatment programs as directed by the Probation Office.
3. The defendant shall file timely, accurate and lawful income tax returns, including all relevant schedules and provide a copy of same within five (5) days of the date of filing to the U.S. Probation Office.
4. The defendant shall furnish all financial records, including but not limited to earning records and tax returns, to the U.S. Probation Office upon request.
5. The defendant shall pay any remaining restitution due at the time supervision commences in regular monthly installments of not less than 10% of his gross monthly earnings.
6. If the defendant is unable to secure full-time employment within the first 30 days of supervision, he may be required to participate in a job/vocational training program at the direction of the U.S. Probation Office and to obtain his GED.
7. The defendant shall make restitution in the amount of $1,643.25. ( Balance: $1,638.25)

*Supervised Release began on February 21, 2003

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### SEE ATTACHED

**PRAYING THAT THE COURT WILL ORDER** a **WARRANT** be issued for Nicholas D. Williams to appear before the United States District Court to answer charges of violation of Supervised Release.

Bond _____

**ORDER OF COURT**

Considered and ordered __13th__ day
of __May__ , 20__05__ and ordered
filed and made a part of the records in
the above case.

_____
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed
on __April 21, 2005__

_____
United States Probation Officer

Place: __Memphis, TN__

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**The Defendant Has Violated The Following Conditions Of His Supervised Release:**

**The defendant shall not illegally possess a controlled substance.**

Mr. Williams submitted urine screens which tested positive for Marijuana on February 24, and June 5, 2003, October 9, and November 18, 2004. Mr. Williams voluntarily admitted the use of Marijuana on July 17, 2003.

**The defendant shall participate in drug treatment/testing as directed by Probation Officer.**

During Supervised Release, Mr. Williams was required to participate in drug treatment and screening. Excluding a period of incarceration and a hospitalization, Mr. Williams failed to attend forty- four (44) counseling sessions and failed to submit to drug screening on thirty-seven (37) occasions. He was discharged from drug treatment on December 29, 2004, for failure to comply with drug treatment.

**The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five ((5) days of each month.**

Mr. Williams failed to keep scheduled appointments on December 2, 2004, January 12 and March 4, 2005. Mr. Williams has failed to submit monthly report forms for the months of November and December 2004. He also failed to submit monthly report forms for January, February and March of 2005.

**The defendant shall work regularly at lawful occupations unless excused by the Probation Officer for schooling, training or other acceptable reasons.**

To this date, Mr. Williams failed to secure employment. He has been unemployed since February 21, 2003.

**The defendant shall not commit another federal, state or local crime.**

On April 15, 2004, Memphis Police Officers responded to a complaint of shots being fired at 999 Rayner. The victim, Anderson Fullilove, advised officers that his vehicle which was parked in front of 999 Rayner had been vandalized by Nicholas Williams. It is alleged that Mr. Williams walked up to the parked vehicle belonging to Mr. Fullilove, pulled a gun from his pocket and fired one shot breaking the rear windows. On May 13, 2004, a warrant was issued for Mr. Williams' arrest charging him with Vandalism $500 or Less. On May 16, 2004 the warrant was executed. On February 2, 2005 this matter was nolle processed in Division 10 of the Shelby County Criminal Court. On March 18, 2005, USPO Brown  spoke with the victim, Anderson Fullilove, who advised that he witnessed Mr. Williams in possession of a firearm which he discharged thus vandalizing his vehicle.

**The defendant shall not possess a firearm, destructive device of any other dangerous weapon.**

It is alleged that on April 15, 2004, Mr. Williams walked up to the parked vehicle belonging to Mr. Anderson Fullilove, pulled a gun from his pocket and fired one shot breaking the rear windows. On March 18, 2005, USPO Brown  spoke with the victim, Anderson Fullilove, who advised that he witnessed Mr. Williams in possession of a firearm which he discharged thus vandalizing his vehicle.

**VIOLATION WORKSHEET**

1. **Defendant**  Nicholas D. Williams, (750 Georgia, Memphis, TN 38106)

2. **Docket Number (Year-Sequence-Defendant No.)**  2:00CR20138-04

3. **District/Office**  Western District of Tennessee (Memphis)

4. **Original Sentence Date**  05 / 06 / 2002
   (If different than above):  month  day  year

5. **Original District/Office**  _____

6. **Original Docket Number (Year-Sequence-Defendant No.)**  _____

7. **List each violation and determine the applicable grade {see §7B1.1}:**

| Violation(s) | Grade |
|---|---|
| • Illegally possessed/use of a controlled substance | C |
| • Failure to participate in drug treatment/testing | C |
| • Failure to Report to the Probation Office | C |
| • Failure to obtain employment | C |
| • New Criminal Conduct: Vandalism $500 or Less | C |
| • Felon in Possession of Firearm | B |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b))  **B**

9. Criminal History Category (see §7B1.4(a))74  **III**

10. Range of imprisonment (see §7B1.4(a))  | 8-14 months |
    *Being originally convicted of a Class B Felony, the statutory maximum term of imprisonment is three (3) years; 18 USC §3583(e)(3).

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

    { }  (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    { }  (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    {x}  (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W Suite  1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

**Defendant**     Nicholas D. Williams

12.     Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) ___1, 638.25___          Community Confinement ___N/A___

Fine ($) ___N/A___          Home Detention ___N/A___

Other ___N/A___          Intermittent Confinement ___N/A___

13.     Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14.     Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

15.     Official Detention Adjustment {see §7B1.3(e)}: _____ months _____ days

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit`**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 304 in case 2:00-CR-20138 was distributed by fax, mail, or direct printing on May 18, 2005 to the parties listed.

---

Gregory Krog
LAW OFFICE OF GREG KROG, JR.
840 Valleybrook Drive
Memphis, TN 38120

Tony R. Arvin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT